Rockingham, ⸾
　Dec., 1897. ⸾

HAVEN, *Ap't, v.* HAVEN.

The rights of tenants in common to ancestral portraits bequeathed to them by an ancestor, but which were not mentioned or included in the inventory or the account of her estate, cannot be affected by and furnish no occasion for further administration of the estate.

APPEAL, from a decree of the judge of probate, dismissing the plaintiff's petition to be appointed administrator *de bonis non*, with the will annexed, of the estate of Ann Haven. Facts found by the court.

Ann Haven, widow of John, died leaving a will which was duly probated February 21, 1849, and contained the following provision : " It is also my will that the portraits of my late husband and of myself, which were painted by Stuart, shall remain in the mansion house—the use of which was bequeathed to me by my late husband during my life— so long as any of my lineal descendants shall occupy the same, and when said house shall cease to be occupied by any of my said descendants, I give said portraits to such of my four sons as shall then be alive, and if none of them shall then survive, I give said portraits to the male descendants of my said sons." The executors of the will settled their account November 12, 1850. The portraits were not mentioned in the inventory or the account. There is no occasion for further administration of the estate unless the rights of parties in these portraits furnish the occasion.

The " mansion house " named in the will is in Portsmouth, was built by John in 1800, was occupied by him and Ann until his death, and then by Ann until her death. George W. Haven, son of Ann, occupied the house from the time of her death until August, 1895, when he died. He owned the house at the time of his death, and devised it and the residue of his estate to his widow for life, and to his son, George Haven (the defend-

ant), and his heirs at her decease. The widow still lives in the house. The defendant was born there and lived with his parents until about ten years ago, since which time he has resided in Boston, but owns no real estate there. He is unmarried. He has visited his mother oftener than once a month since his father's death. He keeps a key to the house, has private papers, books, clothing, and other personal property in it, generally occupies the same room when there, has his washing done there, and sees that the taxes on the house are paid. He has no intention of disposing of his interest in the property; and if he should become disabled or should abandon his profession, he would probably return to the mansion house to reside. The portraits hang, and since Ann's death have hung, in the parlor of the house. They have a value outside of family considerations, because they were painted by Gilbert Stuart.

Ann's four sons are all dead, George W. being the last one to die. Their only male descendants are the plaintiff, the defendant, and George G. Haven, of New York. The plaintiff resides in New York, has visited Portsmouth almost yearly, and has frequently seen the portraits, but never made any claim to them until after George W.'s death. There was no direct evidence, one way or the other, as to when he first learned of the provisions of Ann's will.

Subject to the plaintiff's exception, it was ordered that the decree of the probate court be affirmed.

*Samuel W. Emery* and *William H. Rollins*, for the plaintiff.

*John S. H. Frink* and *Sigourney Butler* (of Massachusetts), for the defendant.

BLODGETT, J. The rights of parties in the portraits furnish no occasion for farther administration of Ann's estate. The only parties having such rights are the plaintiff, the defendant, and George G. Haven, who are tenants in common of the portraits; and nothing can be plainer in legal decision than the proposition that if an administrator were to be appointed, he could not, as against the tenants, accomplish anything. He would not be entitled even to the possession of the portraits, and if he should obtain it, the owners could maintain against him detinue, replevin, or trover. See *Twombly* v. *Baker*, Smith (N. H.) 123; *Doe* v. *Guy*, 3 East 120; *Andrews* v. *Hunneman*, 6 Pick. 126, 129; *Hall* v. *Burgess*, 5 Gray 12; *Colwell* v. *Alger*, 5 Gray 67, 69. The law never does a useless thing. Administrators will be appointed only when there is occasion for their appointment.

To the objection that in a specific devise of chattels the assent

of the executor is necessary to enable the legatee rightfully to obtain possession, and that in this case no assent is either found or appears, it need only be said that if the assent of Ann's executors was necessary, it may now be presumed to have been given, after nearly fifty years of such possession by the legatees; but in addition to this, the executors must be deemed to have so assented by settling the estate without meddling with the portraits. *Cray* v. *Willis*, 2 P. Wms. 529, 531, 532.

If the question whether the defendant is an occupant of the mansion house, within the intent and meaning of the testatrix as expressed in her will, may properly be regarded as one of law, its decision is, for present purposes, unnecessary and immaterial. If he is such an occupant, he is of course entitled to the possession of the portraits by the express terms of the will; and if he is not such an occupant, he is none the less entitled to their possession by virtue of his rights as one of the tenants in common.

*Exception overruled.*

CHASE, J., did not sit : the others concurred.