————o————

No. 3336.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF LEZIN PERRIN AND WIFE.

Mrs. MARIE ESTELLE PERRIN, WIFE OF ADAM ADAM, AND HER HUSBAND, Appellants.

1. An exception of no cause of action, although admitting the truth of the allegations of plaintiff's petition will be sustained, where, in a suit to rescind for nullities and illegalites, a sale of succession property, the record of the proceedings offered and admitted in evidence without objection reveal that the plaintiff in suit was without a cause of action. 30 A. 310.

2. The misinterpretation in the carrying out of some of the mandatory provisions of the terms of Act 153 of 1900 enacted for the speedy and economical settlement of successions not worth over $500 are cured; where the succession property was, under

the order of a competent court having jurisdiction of the subject matter, sold to pay debts, and the purchaser has complied with the adjudication, 30 A. 52, 36 A. 444.   Louque's Digest p. 688, D. No. 4.

3.  Where one of the heirs enumerated in  the succession  proceedings and  a  resident  of  the  Parish  (where  the  succession  is opened) although under coverture remain silent and  inactive, and permits the succession property to  pass by public sale into the hands of strangers, purchasers and third persons  accepting title from her and her co-heirs. she is estopped  from setting up the  illegalities  and  nullities  of  said  proceedings.  39  A.  972, 15 A. 273, 18 A. 280.

Appeal from Twenty–Eighth Judicial District Court,  Parish of Jefferson.

A. E. Billings, for Appellant.

L. H. Marrero, Jr.. for Appellee.

BEAUREGARD, J.   Under act 153 of 1900, enacted for the economical and speedy settlement of successions valued at not over $500,  the above named succession was  opened and on its way  to being wound up, when one Mrs. Marie Estelle Perrin, wife of Adam Adam, and one of the heirs enumerated in  the succession proceedings and a resident of this parish, nearly three months after the sale and adjudication for $200 of said succession  property to  Mrs. Mary F. Perrin, the wife of  Alfred Perrin,  Jr.,  the only recognized and qualified administrator of said succession, filed  in said  proceedings the following petition:

### No. 200.

(Twenty–Eighth Judicial District Court,  Parish of Jefferson.)

### SUCCESSION OF LEZIN PERRIN AND WIFE.

*To the Honorable J. L. Gaudet, Judge of the Twenty-eighth Judicial District Court for the Parish of Jefferson.*

The joint petition of Marie Estelle Perrin, wife of Adam Adam, and of said Adam  Adam, individually and  to  authorize said  wife, who reside in said parish, respectfully shows:

That on March 24th, 1902, Alfred  Perrin,  Jr., who also resides in said parish, filed a petition herein,  in which he claimed  to be an heir  and creditor of the  succession of Lezin Perrin and  Segalize Adam his wife, both deceased, and as such, prayed to be appointed administrator of said  succession; that no inventory was  taken by any notary, nor appraisement made of the property of said succession as required by law; that on April 25th, 1902, he was appointed

such administrator, took an oath and filed a bond as such, and letters were issued to him accordingly; that on October 6th, 1902, he obtained an order, as such administrator, for the sale of the property of said succession, to pay its debts, and the same was advertised for sale by the sheriff of said parish in the Jefferson Democrat, a news paper published in said parish, on October 11th and 18th, 1902, said sale to take place on October 18th, 1902, at 11 o'clock A. M., as will more fully appear by a copy of said advertisement which is annexed hereto, made part hereof, and marked "A"; that on said day, said sheriff pretended to adjudicate said property to Mary F Perrin, wife of said administrator, as being the highest and last bidder, for two hundred dollars, title to which has not yet been made to said bidder: and which price is still in the hands of said sheriff; that all the proceedings herein from filing the petition for administration up to and including said pretended adjudication are illegal, null and void, because:

1. The said proceedings have been attempted to be carried on under the provisions of Act 153 of 1898, which provisions do not apply to the administration of any succession, no matter what its value, in case an heir or creditor applies for its administration.

2. If the provisions of said Act do apply to the administration of said succession, which is not admitted but denied, then petitioner say, that those provisions have not been complied with in this, that no notice giving the description and valuation of the property of said succession was published and posted as required by law and the order of this Court, dated March 24th, 1902, and which publishing and posting were prerequisites to the appointment of said administrator, and in this, that said sheriff was without power and authority to advertise for sale and sell said property; that had said property been legally advertised for sale and sold, it would have brought a much larger price than that for which it was pretended to have been adjudicated; that petitioner's wife is a daughter and forced heir of said deceased, and an owner of an undivided one-eighth of said succession, which she accepts with the benefit of inventory.

Wherefore, petitioners jointly pray for citation of said Mary F. Perrin and said Alfred Perrin, Jr., as administrator of said succession and individually and to authorize his said wife, and for judgment against them, decreeing said property above described to belong to said succession, and all the orders rendered and proceedings had in the above numbered and entitled succession, from the appointment of the administrator to the pretended adjudication of the property of said succession inclusive, to be illegal, null and void, and that they be set aside with costs and said price be returned to said Mary F Perrin by the sheriff of this parish, and for general relief.

(Signed) ALFRED E. BILLINGS,
of Counsel.

Met by an exception of no cause of action which the Court

a qua maintained, dismissing plaintiffs' suit, the latter have appealed.

Appellants set up the violation of the terms of the Act referred to and the consequent nullity and illegality of all the succession proceedings including the pretended adjudication thereunder at public sale; and urge further the error of the judge aqua in considering in connection with defendant's exception said succession proceedings, when in truth they formed no part of plaintiff's petition; were not documents annexed thereto and could not therefore be noticed.

On the other hand, exceptor substantially urge the regularity of all the proceedings; full compliance with all the terms of the Act; and further, that if any misinterpretation in the observance of the terms of the Act did occur (which is not admitted) it amounted to mere irregularities which had been cured by the order of sale of a competent court of the assets of the succession to pay its debts and the adjudication thereunder to an innocent third party who was protected by said order and not bound to look beyond it.

It must be noted that, on the trial of defendant's exception, the whole record in the succession proceedings was offered by him and admitted without objection and it may be inferred as proof that, although taking as true the allegations of plaintiff's petition, that record revealed plaintiff's want of a cause of action.

"A defendant who pleads certain exceptions to the suit against him is, so far as the exceptions are concerned, a plaintiff; and hence must prove the exceptions," 30 A. 310 Barrow vs Lapene.

Now, the salient grounds of nullity are:

1. That the property belonging to the succession not having been legally advertised was sold for less than its value.

2. That no notice giving the description and valuation of said property was published and posted as required by law and the order of Court.

3. That the sale was made by the sheriff instead of by the administrator himself and as required by the terms of the Act.

I.

The sale of the property was duly advertised to be sold after two weekly advestisements (as appears from the document annexed to plaintiff's petition) under the title of the Succession of Lezin Perrin and Segalize Adam his wife, and beyond the bare fact of that allegation it does not appear that by any unfair means the public was prevented from attending the sale and of bidding for the property.

2 AND 3.

This Court is well aware that in the Radney case No. —— of its docket the terms of Act 153 of 1900 were held to be mandatory; yet if under this Act a succession is opened before a Court of competent jurisdiction which orders the sale of the succession property to

79

pay its debts, as was demanded and ordered in this case, and the sale is effected, and the purchaser accepts title, this purchaser is not bound to look beyond the decree ordering the sale. The truth of the record concerning the matters within its jurisdiction cannot be disputed. Louque p 688 D. No. 4 and authorities there cited. Breaux D, p. 965 (c) No. 3.

The non-observance of the above enumerated formalities is cured and the sale not vitiated. The Radney case presented no features akin to those in the instant case.

It is only where doubt is cast upon the purchaser's title that he may question its validity and look beyond the order of Court. In this case the property was sold by the sheriff; the proceeds are in his hands, and the prayer of plaintiff's petition is that they be returned to a purchaser who urges no objection to her acceptance of title.

In his brief and in argument exceptor urges that plaintiff and appellant, Mrs. Perrin, is estopped from urging her suit. And rightly so; not in the sense of a married woman who notwithstanding coverture may well attack her acts, but in the sense of an heir, present in the Parish who remains silent and inactive and permits property in which she is interested to pass by public sale into the hands of strangers, purchasers and third parties and accepting title from her. 39 A. 972, 15 A. 273, 18 A. 280.

The written opinion of our able brother of the District Court was read with care. We fail to see any error therein and in his conclusion. The judgment appealed from should be affirmed and it is now so ordered.

Filed December 21st, 1903.

Rehearing refused January 11th, 1904.