[S. F. No. 4768.  In Bank.—November 7, 1907.]

## In the Matter of the Estate of ADOLPH SUTRO, Deceased.

APPEALS—TWO OR MORE ORDERS OR JUDGMENTS—AMBIGUOUS UNDERTAKING—EFFECT OF.—Where appeals are taken from two or more judgments or orders and an undertaking is filed which by its terms could refer to either, but fails to designate the one to which it is to apply, it is void as to both.

ID.—TWO NOTICES OF APPEAL—SAME ORDER OR JUDGMENT—AMBIGUOUS UNDERTAKINGS—EFFECT.—Where two identical notices of appeal from the same judgment are given on different days, and an undertaking is filed which by its terms could refer to either notice of appeal, but does not designate the one to which it is to apply, it could apply to one or both, and the effect would be a valid appeal.

ID.—SAME JUDGMENT OR ORDER—DUPLICATE NOTICES AND UNDERTAKINGS—ONE APPEAL.—Where duplicate notices are given in time from the same judgment or order and duplicate undertakings, which do not designate either of the notices, are given in time, the two notices and undertakings constitute in substance but one appeal.

ID.—SECOND UNDERTAKING — LIABILITY OF SURETY — PRESUMPTION.—Where two appeals are taken, but at the time of giving of a second undertaking there is but one effectual appeal existing, the surety on such undertaking will be conclusively presumed to have intended to undertake for the appeal then in force and not for the prior ineffectual appeal.

ID.—CONSTRUCTION OF CODE—PROVISIONS RELATIVE TO APPEALS.—Sections 938, 941, and 963 of the Code of Civil Procedure must be read as if the words "appeal," "appellant," and "party aggrieved" were plural.

JOINT APPEALS.— DIVERSE INTERESTS — ONE UNDERTAKING ON. — Any number of parties claiming to be aggrieved may join in an appeal and support such appeal by one undertaking, although if there be a reversal the appellants may assert different and distinct interests. The statute does not require separate undertakings for separate interests.

ID.—DIVERSE INTERESTS—UNTENABLE OBJECTIONS.—Objections to a joint appeal that appellants did not assert the same interests or rights and did not object on the same grounds and that one may succeed and others fail are untenable where the appeal is taken from a decree of distribution which will defeat all their interests if it be affirmed.

ID.—INSUFFICIENCY OF THREE-HUNDRED-DOLLAR UNDERTAKING.—The fact that the penalty of three hundred dollars on the undertaking on a joint appeal may prove insufficient will not defeat the appeal.

APPEALS—INTEREST OF APPELLANTS—WHEN CONSIDERED.—The question as to the interests of appellants and as to their being adversely affected are to be considered in connection with the merits of the case and not on a motion to dismiss the appeal.

DECREE OF PARTIAL DISTRIBUTION—NEW TRIAL—APPEAL FROM ORDER DENYING.—A motion for a new trial is proper in proceedings for partial distribution, and an appeal will lie from an order denying a new trial.

SPECIAL HOLIDAYS—ACT OF JUNE 3, 1906—UNCERTAINTY AS TO APPEAL —DISPOSITION OF COURTS.—As the Act of June 3, 1906, which, extending to July 10, 1906, the time for doing acts required to be done in June, 1906, caused much uncertainty as to the right to take an appeal, and courts should not be insistent upon technicalities arising therefrom.

APPEALS—TWO NOTICES—SECOND UNDERTAKING FILED AFTER LAPSE OF TIME.—Where two notices of appeal are given and one undertaking filed which does not designate either, neither appeal is good if the notices are not identical; but if within five days after the second notice and more than five days after the first notice another undertaking is filed, the second notice and second undertaking constitute a valid appeal.

MOTIONS to dismiss appeals from a decree of the Superior Court of the City and County of San Francisco directing partial distribution of the estate of a decedent, and from an order refusing a new trial. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Morrison & Cope, Bradley & McKinstry, J. C. McKinstry, and U. S. Webb, Attorney-General, for Appellants.

Charles S. Wheeler, Garret W. McEnerney, J. F. Bowie, and Walter Rothchild, for Respondents.

SHAW, J.—This cause comes before us upon a motion to dismiss certain appeals.

Kate Nussbaum, Rosa V. Morbio, Clara A. English and Edgar E. Sutro, four of the surviving children of the deceased, and John C. Brickell, as trustee of Edgar E. Sutro, petitioned the superior court for the distribution to each of the said four children of a one-sixth interest in certain lands of said deceased claimed by them as heirs, which lands, they alleged, the deceased did not dispose of by his will. The appellants herein appeared in the superior court to oppose the petition for partial distribution and filed answers in opposition thereto. Although they all opposed the distribution, they did not all do so upon the same grounds, nor join in one answer. Their respective interests in the estate were not identical. Emma L. Merritt was a child of the deceased, the executrix of his will, a legatee thereunder, and trustee of a certain trust therein declared in the land in controversy. In her answer she denies that the deceased did not, by his will, dispose of the property in question, or that the petitioners, or either of them, were entitled to a share therein, or that the estate was in a condition for partial distribution. She filed a separate answer as trustee, setting up the trust and denying the intestacy and the right of the petitioners to a share of the lands. The will purports to create another trust covering the property in question, which trust was to begin after the expiration of the trust estate devised to Emma L. Merritt. The appellants, William W. Morrow, George C. Pardee, E. E. Schmitz, Frank J. Murasky, and George A. Newhall, answered the petition, averring that they were constituted by the will trustees of the last mentioned trust, and that, as such, they were, or at the expiration of ten years specified as the duration of the trust to Emma L. Merritt would be, entitled to the property, and authorized to administer and dispose of it in accordance with the terms of the will, and also denying the intestacy and the right of petitioners.

Thereafter the petition came on for hearing, all the appellants appeared in opposition thereto, a trial of the issues was had, the evidence of the respective parties heard, findings made by the court, and thereupon a decree was made and entered, distributing to each of the petitioners the one-sixth interest in the property, as prayed for. No separate trial was had with respect to each answer, but the whole case was heard and determined upon the same evidence. The appellants moved for a new trial of the cause, which motion was denied.

On May 31, 1906, the appellants served and filed a notice of appeal, stating therein that they, and each of them, appealed from certain parts of the decree of distribution. On June 4, 1906, they served and filed another notice of appeal, identical with that of May 31, in all particulars except the date. On June 5, 1906, an undertaking on appeal was filed reciting the fact that the appellants, naming them, were about to appeal from the decree, and stating that "in consideration of the premises and of said appeal" the surety promised that the appellants would pay "all damages and costs which may be awarded against them, or any of them, on the appeal, or on the dismissal thereof." It did not, however, specify or in any manner state, whether the "appeal" referred to was that taken by the notice of May 31, 1906, or the one taken by the notice of June 4, either of which appeals was, at the time the undertaking was made and filed, valid and effectual, provided a valid undertaking to sustain it had been then filed. The undertaking, being ambiguous in respect to the appeal referred to, was of no effect whatever and did not support either appeal. (*Home and L. A.* v. *Wilkins,* 71 Cal. 626, [12 Pac. 799] ; *McCormick* v. *Belvin,* 96 Cal. 182, [31 Pac. 16] ; *People* v. *Center,* 61 Cal. 191; *Corcoran* v. *Desmond,* 71 Cal. 103, [11 Pac. 815] ; *Centerville* v. *Bachtold,* 109 Cal. 113, [41 Pac. 813] ; *Estate of Heydenfeldt,* 119 Cal. 347, [51 Pac. 543].) No other undertaking was filed within five days succeeding May 31, 1906, and consequently the appeal taken by the notice filed on that day became "ineffectual for any purpose." (Code Civ. Proc., sec. 940.)

On June 9, 1906, another undertaking on appeal was filed in the cause. It recited that the opponents of the said petition for partial distribution, naming the appellants as such, were about to appeal from the said decree, or a part thereof, and

had filed their notice of appeal therefrom, and stated that "in consideration of the premises, and of said appeal," the surety therein promised that the appellants would "pay all damages and costs which may be awarded against them, or any of them, on the appeal, or on a dismissal thereof." This undertaking also failed to state whether the appeal referred to therein was that of May 31st, or that of June 4th. It is claimed that this makes it void and that the appeal of June 4th is consequently ineffectual, for the same reasons as those above stated with relation to the appeal of May 31st. We do not think the same result follows. When the first undertaking was filed, both appeals had been taken and both were still alive and capable of being perfected. The time for filing the undertaking had not expired on either of them. The undertaking might have been intended to support either of the pending appeals, and would have supported either, if the other had not been in existence to create the latent ambiguity which made it void as to both. It would have been difficult, if not impossible, for the respondent to show what appeal the surety intended to answer for, and certainly no inference in favor of either could be drawn either from the instrument itself, or from the facts, *aliunde,* shown by the record referred to therein. In respect to the undertaking of June 9th, the case is different. At the time it was made and filed, there was but one effectual appeal existing. An undertaking to support the appeal of May 31st, executed on June 9th, would have been mere waste paper, and its execution a useless act. The appeal of June 4th was in existence, however, and upon that appeal a valid undertaking could at that time be given, and this appeal is accurately described in the undertaking in question. Under these circumstances, the surety in the latter undertaking will be conclusively presumed to have intended to undertake for the appeal then in force, the only appeal for which he could then execute a valid undertaking, and not to have referred to a prior ineffective appeal, as to which the contract would have been wholly inoperative. The presumption that he intended to make a valid contract removes any latent ambiguity that might otherwise have been raised by the fact of there having been two appeals taken. We hold the undertaking to be valid.

It is further contended that there are in fact four appeals instituted by the notice of June 4th, that a separate undertaking for three hundred dollars each should have been given for each of these appeals, and that, as the undertaking of June 9th is for three hundred dollars, only, purports to refer to but one appeal, and does not specify which one, it is void as to all, and that, for this reason, all the appeals must be dismissed. This contention also applies to the appeal from the order denying a new trial, which is taken by the same parties representing the same interests.

This claim is based on the fact that the respective appellants did not assert the same interests or rights in the estate of the deceased and did not object to the distribution upon precisely the same grounds, and upon the theory that two or more persons who seek, upon different grounds, and on behalf of different rights or interests, to defeat an application for partial distribution, cannot join in a single appeal from the decree, but must appeal separately and must give a separate undertaking upon each appeal. In support of this proposition it is urged that some of the appellants are not aggrieved, and that the appeal as to them must be dismissed with costs, and that if the sureties should pay this cost it would, *pro tanto*, discharge the undertaking and leave the remaining appeals to stand without the security of the three-hundred-dollar undertaking which the statute prescribes; that the questions to be decided in behalf of some of the appellants are not identical with those presented by the others, that there is no joint or common interest between them with respect to the appeals, that one may succeed and the others fail, that the one who succeeds will recover of respondents all the costs of the appeal, whereas the respondents will be entitled to recover their costs against those who fail, and from these conditions it is feared that confusion and injustice would ensue; further it is said, with some inconsistency, that if there is but one appeal the judgment must be either reversed or affirmed as to all, and that if the appellants present different rights and questions this court will be unable to determine what judgment to give, and lastly that the terms of the statute conferring the right of appeal require separate undertakings to be given for each of the appellants, or set of appellants, representing separate interests, or setting up distinct and different grounds

of opposition to the relief sought and given by the judgment
or order appealed from.

We are of the opinion that these objections are untenable.
The code provides that "an appeal" may be taken from an
order or judgment directing a distribution of an estate, or
part thereof, and from an order refusing a new trial (Sec.
963, Code Civ. Proc.), that "any party aggrieved may appeal
in the cases prescribed" (Code Civ. Proc., sec. 938), and that
the undertaking on appeal must be to the effect that "the
appellant will pay all damages and costs awarded against
him" on the appeal or on a dismissal thereof, not exceeding
three hundred dollars (Code Civ. Proc., sec. 941). "The
singular number includes the plural and the plural the
singular" (Code Civ. Proc., sec 17), and, hence, these provi-
sions must be read as if the words "appeal," "appellant"
and "party aggrieved" were in the plural. So read, they
authorize any number of parties, claiming to be aggrieved,
to join in an appeal and to support such appeal by one under-
taking in the prescribed sum of three hundred dollars. This
is the literal meaning of the language thus construed and no
good reason appears for giving it a narrower construction as
applied to the present case. The object of the proceeding in
the lower court was to obtain a distribution to the petitioners
of their asserted shares in the property in question, and
thereby to free those shares from the further control of the
executrix and from further charges or burdens to which they
might be subjected by reason of the administration of the
estate. The claim was founded upon the theory that the will
made no valid disposition of the lands sought to be distributed.
The appellants in their various capacities had, or claimed,
interests in the property by virtue of the provisions of the
will, and they were all interested in upholding the will and the
validity of the several provisions made by it with respect to
the property. They were therefore all interested in preventing
the distribution prayed for. To do this they made common
cause in the court below upon the trial of the case. They are
all alike desirous of procuring from this court a reversal of
the decree of distribution there made. Technically, the appeal
is not taken to establish and enforce the respective rights and
interests which the appellants respectively claim in the prop-
erty, but to vacate the decree of the court below distributing

the property to the petitioners. The fact that if the decree is reversed, the respective appellants will upon the subsequent proceedings in the court below assert different and distinct interests in the property and that the decision on this appeal may establish their rights thereto does not have the effect of compelling them to take separate appeals from the decree of distribution which operates to defeat all their interests if it shall stand affirmed. As they all seek to reverse this decree they should be allowed to join in one appeal for that purpose. The terms of the statute are not so imperative as to require a different construction.

The costs and damages of a respondent on an appeal which does not stay proceedings are insignificant. There is no probability that the penalty of three hundred dollars will prove inadequate in this case. But if it were true that it might prove insufficient in amount, it would not defeat the appeal. The statute might have allowed the appeal without providing any security to the respondent for costs and damages. The fact that the security provided may prove inadequate is therefore immaterial, except as it may have a bearing upon the proper interpretation of the statute. We do not think the remote contingency that the sum fixed may not be sufficient security to protect the respondent in cases where several parties, differently interested against a judgment of the character here involved, join in one appeal therefrom, is of sufficient importance to compel the narrow, technical and somewhat forced construction contended for. There may be a possibility that the respondents may suffer from an insufficient undertaking. But in every other material respect the joinder in one appeal in a case like the present one, is to their advantage. There will be less cost to be incurred by them, a more speedy determination of all the questions upon which their right depends can be obtained, one transcript only need be filed, and hence the costs against them will be much less if the appeal succeeds, and if it is successful in part only, the court has full power to adjust the costs as justice may require. Possibly there may be some cases where the interests of two or more parties are so different and distinct and the consequences of a successful appeal, in respect of subsequent proceedings, are so grave, that a joint appeal on behalf of all would not be permissible. It was so held in *Sangamon Co.* v.

*Brown,* 13 Ill. 207, where two or more parties, owning different tracts of land through which the county authorities were proceeding to condemn a right of way for a road, attempted to join in a single appeal from the county board to the county court, and where, if successful, separate trials in the appellate court would have been necessary as to each one. We do not regard that case as authority in the case here presented. Our conclusion upon the whole matter is that there is but one appeal from the judgment or decree, and but one appeal from the order refusing a new trial, and that the bonds are sufficient upon each appeal.

The claim that some of the appellants are not adversely affected by the decree appealed from, or have no interest in the controversy, is one which would properly be considered in connection with the merits of the case. So far as that contention is concerned the motion to dismiss may be renewed upon the final submission of the appeal.

The proposition that a motion for a new trial cannot be entertained in a proceeding for partial distribution, and, hence, that an appeal will not lie from an order refusing such new trial, has been practically decided against the respondents in a number of cases in this court. (*Leach v. Pierce,* 93 Cal. 624, [29 Pac. 238]; *Estate of Ryer,* 110 Cal. 556, [42 Pac. 1082]; *Estate of Bauquier,* 88 Cal. 315, [26 Pac. 178]; *Estate of Walkerly,* 94 Cal. 353, [29 Pac. 719]; *Estate of Spencer,* 96 Cal. 449, [31 Pac. 453]; *Estate of Hartmann,* 140 Cal. 467, [74 Pac. 7].) This is one of the grounds of the motion to dismiss the appeal from the order, but it was not pressed upon the argument and needs no further consideration.

As above stated, the appeal of May 31, 1906, became ineffectual for any purpose upon the failure to file a valid undertaking in support of it. In accordance with the uniform practice of this court that appeal will be dismissed.

The motions to dismiss the appeals are denied, except as to the appeal attempted to be taken from the decree by the notice of May 31, 1906, and as to that appeal, the motion is granted and that appeal is dismissed.

McFarland, J., Angellotti, J., Beatty, C. J., and Lorigan, J., concurred.

A petition for a rehearing having been filed, the following opinion was rendered thereon on December 5, 1907.

THE COURT.—In the opinion in this case we held that the undertaking given on June 5, 1906, was void for uncertainty because at that time the two notices of appeal, given May 31, 1906, and June 4, 1906, respectively, were both running and capable of being perfected and the undertaking did not specify which notice it was intended to support. We also held that the undertaking of June 9, 1906, was valid because at that time the supposed separate appeal of May 31, 1906, had lapsed and there was then but one appeal in existence to which the undertaking could be taken to refer, namely, that taken by the notice of June 4, 1906.

In the petition for a rehearing our attention is, for the first time, called to the statute of June 3, 1906, whereby any act which, according to the law relating to it, should have been done in the month of June, 1906, could lawfully have been done on or before the tenth day of July, 1906. (Stats, 1906, p. 8.) The effect of this statute is that the time for filing an undertaking on appeal, in pursuance to the notice of appeal of May 31, 1906, had not expired on June 9, 1906, and the undertaking on that day would have been good if intended to support either notice, and as it did not specify the notice to which it related it was subject to the same defect as that of June 5. Upon this proposition the respondents, in their petition for rehearing, contend that the appeal under the notice of June 4 should also have been dismissed.

In reaching the conclusion that the first undertaking was invalid and the second one valid we cited a number of decisions to the effect that where appeals have been taken from two or more orders or judgments, and an undertaking is filed which, by its terms, could apply to either, but, which fails to designate the one to which it is intended to apply, it is void as to both. Not having in mind the statute above referred to, we assumed for the purpose of the decision, that this rule was applicable to this case.

On further consideration we are satisfied that the rule of those decisions does not apply to the facts of this case and should not be extended to include it. Without exception the decisions establishing that rule refer to cases in which two or

more appeals had been taken, each from a separate and distinct order or judgment, as, for example, from an order denying a motion for new trial and from an order re-taxing costs, or from a judgment and from an order refusing to set aside a default. In each case there were in fact, or in effect, two notices of appeal, each relating to a separate matter, each requiring a separate or distinct undertaking, and each at the time capable of being made effectual by a valid undertaking. In this case the facts are materially different. So far as this point affects the case, there was but one judgment, from certain parts of which appellants sought and intended to appeal. The two notices of appeal refer only to this one judgment and specify identically the same parts thereof. They were indeed identically the same, word for word. The only mark by which they could be distinguished from each other was the different date which occurred after the signature of the appellants' attorneys. Either proceeding would have to be supported by the same record. So far as we can perceive, it would be· entirely immaterial to the sureties whether the undertaking was meant to support one notice, or the other, or both, for each would be an appeal by the same parties from the same parts of the judgment and served upon the same parties as respondents. The effect would be the same in all particulars. The time for filing the transcript in this court might have been different if there had been no proceedings then pending for a new trial, or to settle a bill of exceptions. Such proceedings were in fact pending, and, consequently, the transcript under either notice of appeal would be due at the same time, that is, under our rule, within forty days after the determination of the motion for a new trial, an event which occurred on January 9, 1907. The respondents would not even be prejudiced by the necessity to determine which of the undertakings they would elect to rely on, for both were filed after the two notices of appeal were filed, the amount of each was the same, the surety was the same, the liability would be the same and would depend upon the same breach, and both could be joined in one complaint. The statute of limitations therefore would begin to run at the same time in either case.

At the time the first notice was given, and before the giving of the second, a series of legal holidays, declared by the gov-

ernor, had extended the time for taking the appeal, which otherwise would have expired on May 31, 1906, so that it did not expire until June 3, 1906. On that day the statute above referred to again extended the time to July 10th. It follows that the respondents could not object that either notice was filed too late, and in that respect also the difference between the two notices is to them immaterial. We are reminded by this fact that these holidays had caused much uncertainty in the minds of the profession as to the right to take an appeal while they continued, and that the terms of the act extending the time were probably not well understood at the time the appellants were required to take these proceedings. In such circumstances the courts should not be too insistent upon the observance of trivial and useless technicalities. The objections to the undertakings are about as barren of substantial foundation or merit, or even of technical importance, as can well be conceived.

Our conclusion is that the two notices and undertakings constituted, in substance, but one appeal from the parts of the judgment referred to, and that the last in point of time were in effect mere repetitions of the first, taken out of abundance of caution because of the uncertainty in regard to the effect of the first proceeding, and that this court has jurisdiction of that appeal.

As the judgment dismissing the supposedly distinct appeal of May 31, 1906, has already been made by this court and the case can be as well presented and the court has jurisdiction, without aid from that notice, it is unnecessary to make any change in that judgment. The dismissal will serve to dispose of the notice of May 31st and the undertaking of June 5, 1906. The appeal will rest on the notice of June 4 and the undertaking of June 9, 1906. And this, we presume, was precisely what the appellants and their surety intended. It would have been more regular to have stricken out the first notice and undertaking, leaving the appeal to stand on those filed last, but the irregularity of the other method is wholly immaterial in the present case and too trifling to require a change in the order already made.

The petition for rehearing is denied.