[S. F. No. 6119. Department One.—January 21, 1913.]

P. J. O'BRIEN, Appellant, v. C. O. NELSON and ANNIE REARDON, Respondents.

ESTATES OF DECEASED PERSONS—FINAL SETTLEMENT—NEW ADMINISTRA-
TION WHEN AUTHORIZED.—After final settlement of the estate of an
intestate, the court having probate jurisdiction is not bound to issue
further letters of administration and should not do so, unless there
still remains property of the estate not fully disposed of, or some
act to be done relating thereto which only an administrator can
do. This rule is implied by section 1698 of the Code of Civil Pro-
cedure, providing that the final settlement of an estate shall not
prevent the issuance of further letters of administration thereon,
if other property of the estate be discovered, or if good cause ap-
pears therefor.

Id.—Estate of Married Woman—Property Treated as Community Property—Distribution to Assignee of Husband.—An administration upon the estate of a married woman dying intestate is not rendered void or ineffectual merely because of the fact that the record therein shows that the court declared that the property as to which administration was had was the community property of the decedent and her surviving husband, and distributed it all to an assignee of the husband.

Id.—Error in Distribution does not Authorize New Administration. If such property was the separate property of the decedent, that fact would not authorize a new administration thereon. The prior distribution of it as community property would be a mere error, which her heirs could correct only by moving for a new trial, or by taking an appeal from the decree of distribution. In the absence of such proceedings, the decree became final and conclusive upon them.

APPEAL from an order of the Superior Court of Santa Clara County denying a motion for a new trial of an application for letters of administration upon the estate of a deceased person. P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

J. C. Black, for Appellant.

A. A. Caldwell, for Respondents.

SHAW, J.—We give the title as above set forth because it so appears in the transcript and papers filed in this court. The correct title of the cause would be: "In the Matter of the Estate of Annie Nelson, Deceased." The appeal is taken from an order denying the appellant's motion for a new trial in the matter of his application for letters of administration upon the estate of said Annie Nelson. The application was contested by C. O. Nelson and Annie Reardon, the matter was duly tried, findings were made and filed and the order denying said petition was entered on March 13, 1911.

Annie Nelson died intestate on February 19, 1910. The application of the appellant for letters of administration upon her estate was filed on December 2, 1910. The evidence showed that there had been a previous administration of the estate, that the same had been fully completed and distribu-

tion thereof made and that the decree of distribution had
become final at the time of the hearing of the contest. Annie
Reardon was appointed administratrix thereof on March 19,
1910, and the decree of distribution was made on September
30, 1910. The proceedings were in all respects regular. It
is admitted that the petition upon which she was appointed
contained a statement of all the facts necessary to confer upon
the court jurisdiction of the matter of the administration of
the estate and that the required notices were duly given. It
is not claimed that there remains any estate not administered.
Indeed, the property described in the petition of the appel-
lant as the property of said decedent is precisely the same
as that described in the former petition of Annie Reardon
and in the said decree of distribution. It is well established
that, after final settlement of an estate, the court having
probate jurisdiction is not bound to issue further letters of
administration, and should not do so, unless there still remains
property of the estate not fully disposed of, or some act to be
done relating thereto which only an administrator can do.
(*Murphy* v. *Menard,* 14 Tex. 67; *San Roman* v. *Watson,* 54
Tex. 254; *Wilcoxon* v. *Reese,* 63 Md. 545; *Myers* v. *Baltimore
etc. Co.,* 73 Md. 425, [21 Atl. 58] ; *Grayson* v. *Weddle,* 63 Mo.
539; *Long* v. *Joplin etc. Co.,* 68 Mo. 427; *Haven* v. *Haven,* 69
N. H. 204, [39 Atl. 972] ; *Glover* v. *Hill,* 85 Ala. 41, [4 South.
613].) This is implied by section 1698 of the Code of Civil
Procedure, providing that the final settlement of an estate,
as provided in the code, shall not prevent the issuance of fur-
ther letters of administration thereon, if other property of
the estate be discovered, or if good cause appears therefor.
The implication is that there should be no issue of subsequent
letters where no other property is discovered, and no good
cause appears therefor.

The appellant claims that the former administration was
void or ineffectual because of the fact that the record therein
shows that the court declared that the property as to which
administration was had was the community property of the
decedent and C. O. Nelson, her surviving husband, and dis-
tributed it all to Annie Reardon, to whom Nelson had con-
veyed all his title and interest therein. This does not make
the proceedings or decree void. At the most it was a mere
error, a mistake injurious to the persons who would have

inherited the property from Annie Nelson if it had been her separate estate, and which they could correct only by moving for a new trial, or by taking an appeal from said decree. In the absence of such proceedings for a review of that decree, it became final and conclusive upon all heirs, legatees, and devisees. (Code Civ. Proc., sec. 1666.) If, as a matter of fact, the property did belong to C. O. Nelson, as the survivor of the community, it did not form any part of the estate of his wife, it is no part of that estate at the present time, and no administration of her estate should be had to interfere with it. If it was her separate estate, then, as before stated, the distribution of it to the grantee of Nelson was final and conclusive and no further administration of it can be made.

We do not deem it necessary to notice the other points made in support of the appeal. There is no dispute regarding the facts above stated and they conclusively sustain the decision of the court below.

The order is affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.