[S. F. No. 7789. Department One.—November 2, 1916.]

In the Matter of the Estate of DAVID J. BAIRD, Deceased.

PROBATE PROCEEDINGS—ISSUES OF FACT—RIGHT TO JURY TRIAL.—In any probate proceedings in which the statute authorizes the formation of issues of fact, either party is, under sections 1716 and 1312 of the Code of Civil Procedure, entitled to a jury trial, at his option.

ID.—DISTRIBUTION OF ESTATE—JURY TRIAL OF ISSUES OF FACT.—A proceeding for partial distribution of the estate of a deceased person is one in which the Code of Civil Procedure (sections 1658 to 1662 inclusive) authorizes the framing of issues of fact, and under sections 1716 and 1312 of that code, either party thereto is given the right to demand a trial by jury of the issues of fact joined therein.

ID.—ADOPTION OF ILLEGITIMATE CHILD BY FATHER—EVIDENCE OF PATERNITY—PUBLIC ACKNOWLEDGMENT.—In a proceeding for the distribution of the estate of an unmarried man to a person claiming to be his illegitimate child, and to have been adopted by him as his own lawful issue in the manner specified by section 230 of the Civil Code, statements of the reputed father acknowledging the child to be his, made at the time of its birth to the physician in attendance upon the mother, and similar statements made by him to servants at the

home of the mother, are admissible in evidence to show paternity and public acknowledgment. (Per Shaw, J.)

ID.—NEW TRIAL—ERROR AUTHORIZING GRANTING OF.—Errors in the rejection of such evidence and in denying a trial by jury, under the circumstances of this case, warrant the granting of a new trial to the child, notwithstanding the inconclusive nature of the evidence designed to show that the decedent received the child into his family and treated it as if it were a legitimate child. As to the sufficiency of the evidence on that point no opinion is expressed. (Per Shaw, J.)

APPEAL from a judgment of the Superior Court of the City and County of San Francisco denying a partial distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

C. M. Fickert, and E. A. Cunha, for Appellant.

Mastick & Partridge, and Karl C. Partridge, for Respondent.

SHAW, J.—The appellant, David J. Baird, Jr., claiming to be the legitimate and only child of the decedent and his only heir, applied for partial distribution to him of the estate. His application was denied. He appeals from the judgment.

The petition avers that the applicant, who is a minor, was the illegitimate child of said decedent and one Lydia M. Valencia, to whom decedent was never married, and that the decedent, who was unmarried, adopted said child as his own lawful issue in the manner specified in section 230 of the Civil Code. Opposition to this claim was made by the mother, brothers, and sister of the decedent, who denied all the facts relating to such adoption.

The court made findings declaring (1) that the decedent was not the father of the applicant, (2) that the decedent did not publicly acknowledge the said applicant as his own child, and (3) that the decedent did not receive the applicant into his family, nor otherwise treat the applicant as if it were his legitimate child.

In due time the appellant, in writing, regularly demanded a trial by jury. This demand the court below refused. This, it is claimed, was a fatal error.

The basis of the claim that the appellant was entitled, as a matter of right, to a jury trial, is found in sections 1716 and 1717 of the Code of Civil Procedure. The provision of section 1716 is that "All issues of fact joined in probate proceedings must be tried in conformity with the requirements of article two, chapter two, of this title." That of section 1717 is "If, on written demand, a jury is called by either party, and the issues are not sufficiently made up by the written pleadings on file, the court, on due notice to the opposite party, must settle and frame the issues to be tried and submit the same, together with the evidence of each party, to the jury, on which they must render a verdict."

It will be observed that section 1717 does not grant the right to demand a trial by jury, but merely prescribes the procedure when such right exists and is exercised, or, in any case when a jury is allowed on such demand, whether of right or of grace. The right to demand a trial by jury in probate proceedings was not given by the common law. (*Estate of Moore*, 72 Cal. 335, 338, [13 Pac. 880].) It exists in this state only where it is given by some statute. (*Estate of Dolbeer*, 153 Cal. 652, 657, [15 Ann. Cas. 207, 96 Pac. 266].) The right, in cases of the class here involved, if it exists, is given by section 1716 above quoted, referring to article II, chapter 2, title XI of the Code of Civil Procedure. The said article II consists of sections 1312 to 1318, inclusive, and relates to pleadings and practice in will contests. Section 1312, after certain requirements relating to the pleadings in such cases, provides for the trial as follows:

"Any issues of fact thus raised, involving: 1. The competency of the decedent to make a last will and testament; 2. The freedom of the decedent at the time of the execution of the will from duress, menace, fraud, or undue influence; 3. The due execution and attestation of the will by the decedent or subscribing witnesses; or, 4. Any other questions substantially affecting the validity of the will, must, on request of either party in writing (filed at least ten days prior to the day set for the hearing), be tried by a jury. If no jury is demanded, the court must try and determine the issues joined."

The question of the right to a jury trial in probate proceedings, in cases other than will contests, under sections 1716

and 1312, has been considered by this court in several cases. Many proceedings are authorized by the title of the code relating to administration of estates. The question whether or not a jury trial is a matter of right in any of them depends upon the nature of the proceeding. In *Estate of Moore*, 72 Cal. 338, [13 Pac. 880], it was held by Department One that these sections did not confer the right to a jury trial of issues arising upon the settlement of an account. In *Estate of Sanderson*, 74 Cal. 199, [15 Pac. 753], the court, in Bank, was unanimous in the same conclusion. The Dolbeer case, above cited, was a proceeding to contest a will instituted after it had been admitted to probate upon a regular contest thereof. It was, in substance, decided that the language of section 1330 of the Code of Civil Procedure, providing that in such cases if the original probate had been granted without a contest, either party could demand a jury for the trial of the second contest, was, in effect and by implication, a declaration that, if there had been a contest upon which the original probate was granted, there should be no right to a jury trial upon a contest after such probate, and, accordingly, that in that case the right did not exist. In *Estate of Land,* 166 Cal. 538, 541, [137 Pac. 246], the court below, before proceeding with the trial of the merits of the original contest of the will of Land, had required the contestant to make preliminary proof that he had an interest in the matter sufficient to entitle him to maintain such contest, and had denied his demand for a jury to try the question of his interest. This court decided that the right to a jury trial, under section 1312, extended only to the issues therein specifically described, that is, to those affecting the execution or validity of the will, and that, as the description therein did not include the question whether or not the contestant was a "person interested," the right to a jury trial of that question was not given by the section and, therefore, did not exist.

In giving its reasons for denying the right of trial by jury upon a contested account, the court, in *Estate of Moore,* 72 Cal. 340, [13 Pac. 883], said: "We think courts would have little difficulty in confining the operation of these sections to those cases in which the code has expressly authorized issues of fact to be framed. Without such a provision, under the decisions, parties to a contest in the probate court would

never be entitled to a jury trial." In *Estate of Sanderson*, 74 Cal. 209, [15 Pac. 758], the court further said that if there are proceedings, other than will contests, in which, under the aforesaid sections, issues of fact must be submitted to a jury on due demand, "it would seem that they must be such, the verdict whereon must be determinative of an order or judgment to be entered by the court, and not merely determinative of subordinate facts which may be considered by the court in connection with other facts in making its order or judgment." The court there pointed out that in the superior court the exceptions to the account need not embrace all the matters into which the court below must inquire, that it has power to investigate any and all matters involved in the account of its own motion, and therefore, that the issues framed upon exceptions would not cover all the matters which the trial court could determine, and also the well-known fact that the settlement of an account is not a matter which a jury can, ordinarily, intelligently determine. These statements point out the rule to be followed in determining whether or not, in any particular probate proceeding, the right to a jury trial is given by these sections. The test stated in *Estate of Sanderson* would authorize a jury in the present case. The issues necessary to be determined, upon the question of the right of the applicant to inherit the estate of the decedent, are those specifically mentioned in the fore-, going statement of findings made by the court. If these issues were all decided in favor of the applicant the judgment of the court declaring him entitled would necessarily follow. They were such as would be "determinative of an order or judgment to be entered by the court." More recent decisions, however, put more stress upon the rule above quoted from the *Estate of Moore*. In *Carter* v. *Waste*, 159 Cal. 23, [112 Pac. 727], the question arose whether the right to move for a new trial was given in a proceeding for final distribution of the decedent's estate under these sections, particularly the clause of section 1717 giving the right to move for a new trial after a trial of the issues joined in a probate proceeding, in connection with the clause of section 1716 providing that issues of fact joined "must be tried in conformity with the requirements of article two" of that title. The provisions relating to the right to move for a new trial and

those upon the right to a trial by jury, under these sections, are similar, the two propositions are cognate and are governed by the same general principles. In the case last cited the court said that a careful consideration of the California cases on the subject led to the conclusion that the true test for determining whether a motion for a new trial would lie in any particular probate proceeding, under these sections, "is this, viz., Does the law expressly authorize issues of fact to be framed in such proceeding? If the answer be 'yes,' the issues must be tried in the manner provided by these sections to which we have referred, and the motion for new trial is expressly authorized." Among the California cases considered were the Moore, the Sanderson, and the Dolbeer cases, above mentioned. We think it must be taken as established by the decisions that in any probate proceedings in which the statute authorizes the formation of issues of fact, either party is, under sections 1716 and 1312, entitled to a jury trial, at his option. The question remaining for decision on this point, therefore, is whether or not the statute authorizes the formation of issues upon a proceeding for partial distribution. We think there can be no doubt that it so provides.

Such proceeding is authorized, and the practice therein prescribed, by sections 1658 to 1662, inclusive, of the Code of Civil Procedure. Section 1658 provides that any person, after four months from the issuance of letters, may present his petition for partial distribution. Section 1659 provides for notice to all persons interested in the estate. Section 1660 provides that "any person interested in the estate, may appear at the time named and resist the application." The other sections provide the form of the order to be made and of the bond to be given by the applicant. Respecting this proceeding, and discussing its nature, the court, in *Estate of Ryer*, 110 Cal. 556, 561, [42 Pac. 1082], stated that such a proceeding "is in the nature of a collateral inquiry or episode, injected into the proceedings for the administration of the estate, in which there are pleadings, process, trial, findings, and a judgment, thus presenting all the elements of a civil action." In *Carter* v. *Waste, supra,* the court had under consideration a proceeding for final distribution, and declared that section 1668 provided for issues in that proceeding, and that it was one class of cases in which the framing of issues

of fact is expressly authorized by the code. Section 1668, on this subject, is not substantially different from section 1660. It is clear, therefore, from these decisions and from these provisions of the code, that a proceeding for partial distribution is one in which the code authorizes the framing of issues of fact and, under the rule stated, sections 1716 and 1312 must be construed to give to either party thereto the right to demand a trial by jury of the issues of fact joined therein. It follows, therefore, that the court below erred in refusing the demand for a jury trial in this case.

The record shows that many other errors were committed by the court below in the course of the trial. In view of the possibility of another trial we deem it advisable to notice some of them.

The physician, who attended the mother when the applicant was born, was called as a witness for the applicant, and testified that he was requested to attend at the birth by the decedent Baird, that Baird was at the house on that night, that the birth took place at 5 o'clock in the morning, and that immediately afterward, on that day, he made out and signed a certificate of birth which was afterward filed in the proper public office. This certificate was read in evidence. It stated that David Jennings Baird, the decedent, was the father of the child, and that Lydia Marguerita Valencia was its mother. By appropriate questions the applicant's counsel sought to elicit from the witness testimony that Baird, at the time the witness made and filled out the certificate, informed him of the facts stated therein and then declared that he, Baird, was the father of the child, and that Baird read the certificate after it was prepared and signed. This testimony the court refused to allow. The ruling was clearly erroneous. No evidence as to the paternity of the child could be much more satisfactory and convincing than the statements of the reputed father declaring his paternity, made at the time of its birth, and under the circumstances stated. The court not only rejected the evidence but, in the face of many other admissions by Baird that he was the father of the child, allowed as proof of public acknowledgment of the fact by him, found that Baird was not the father, and that he did not publicly acknowledge the child as his own. The testimony sought from the physician was competent evidence

of the fact. No confidential relation rendered it a privileged communication. The respondent does not even attempt to justify the ruling.

Other witnesses were prevented from testifying to acknowledgments made by Baird that he was the father of the child. The reason for the rejection in many cases was that the acknowledgment was not made in public. On this ground all statements to that effect made by .the decedent at the home of the child's mother to the servants were excluded. We know of no rule by which such rulings can be supported.

The only argument made by the respondent in regard to these errors is that it is immaterial whether they were erroneous or not because, as they claim, the applicant should never have prevailed in any event. This argument is based upon the theory that whatever may be the fact as to the paternity of the child and public acknowledgment thereof by the decedent, the proof showed beyond controversy, and without conflict, that the decedent did not receive the child into his family as his own, and did not treat it otherwise as if it were a legitimate child. If the errors were confined solely to the admission of evidence on the other issues proposed this claim would be more plausible. But where the error is so grave as the unauthorized substitution of the court for a jury as the tribunal to hear the evidence and determine the facts, we cannot, as a general rule, say that the scheme in force in this state for the administration of justice has not miscarried. (See *People* v. *O'Bryan,* 165 Cal. 55, 65, [130 Pac. 1042].) Doubtless there may be cases so devoid of merit, or so wanting in proof of some essential fact, that the judgment of the lower court to that effect should be upheld even in the face of such an error. Decisions affirming judgments of nonsuit are familiar examples. But here the court denied a motion for nonsuit, made in part upon the ground that the evidence did not show the two facts last mentioned. Evidence offered by the appellant in support of these facts was also improperly excluded by the rulings of the court. Upon the whole record it appears so probable that the appellant was prevented from fairly presenting his case by improper and adverse rulings that we deem it advisable to remand the cause for a new trial. Nothing we have said is to be taken as an expression of opinion on our part regarding the sufficiency

of the evidence to prove that the decedent received the child into his family and treated it as if it were a legitimate child.

The judgment appealed from is reversed.

Sloss, J., concurred.

LAWLOR, J., Concurring.—I concur in the judgment of reversal on the ground that the court erred in refusing the demand for a jury trial.

Hearing in Bank denied.