[Civ. No. 17647. Second Dist., Div. One. Feb. 2, 1950.]

MARY ALICE KNIGHT, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Milton M. Cohen and Milton M. Cohen, Jr., for Petitioner.

E. Lamoreaux, Deputy County Counsel, for Respondent.

Chase, Rotchford, Downen & Chase for Real Party in Interest.

THE COURT.—In this case the superior court is proceeding to try without a jury the issue of incompetency of a citizen of this state. Demand for a jury was made in due and proper time and was by the court denied. Upon this showing an alternative writ of prohibition issued, time for hearing shortened, and the matter heard this day.

■ Two grounds to the opposition of the issuance of the writ are urged: First, that as a matter of law the superior court is right and that the alleged incompetent has no right to trial by jury of that issue. Without reviewing the authorities, this court is definitely of the opinion that the trial court was in error in this respect. ■ ■ Secondly, it is urged that the writ of prohibition does not lie in any event because the alleged incompetent has a plain, speedy, and adequate remedy at law. This view of the limitation of the writ of prohibition was first expressed in *Powelson* v. *Lockwood,* 82 Cal. 613 [23 P. 143]. In that case it was held that a justice of the peace who denied petitioner a jury trial had not exceeded his *jurisdiction.* Therefore, if error was committed, it could be corrected on appeal rather than by invoking prohibition. This proposition has been approved in a number of early decisions of the Supreme Court and of the District Courts of Appeal. (*Powelson* v. *Lockwood, supra; Beaulieu Vineyard* v. *Superior Court,* 6 Cal.App. 242, 248 [91 P. 1015] ; *Hamberger* v. *Police Court,* 12 Cal.App. 153 [106 P. 894, 107 P. 614] ; *Dickerson* v. *Superior Court,* 41 Cal.App. 534 [183 P. 235] ; *Havemeyer* v. *Superior Court,* 84 Cal. 327, 398 [24 P. 121, 18 Am.St.Rep. 192, 10 L.R.A. 627].)

We are impressed, however, that later cases have relaxed this rigorous rule as well as definition of jurisdiction, and have committed the question of issuance of the writ here sought to the sound discretion of the court to which application therefor is made, in the light of whether by reason of the nature of the proceeding and the facts and circumstances shown, an appeal would be a speedy and adequate remedy.

In view of the constitutional right of every citizen to a trial by jury in a proper case, the rule should be reexamined.

Otherwise, the trial courts in criminal cases could arbitrarily deny trial by jury and if the first opportunity to correct the wrong lies in an appeal after a conviction, irreparable damage may be done to citizens. Section 1102 of the Code of Civil Procedure provides that the writ of prohibition is a counterpart of the writ of mandate and arrests proceedings of any tribunal in excess of its jurisdiction. It is our view that any court which denies the right of trial by jury in a case where any party has the constitutional right to it exceeds its jurisdiction. This view receives support in the dissenting opinion of Chief Justice Beatty in *Hamberger* v. *Police Court, supra.*

It is therefore ordered that the demurrer be overruled and that a peremptory writ of prohibition issue as prayed prohibiting the trial court from proceeding with trial other than by trial with a jury.