[Civ. No. 14527.   First Dist., Div. Two.   May 18, 1950.]

HENRY F. BUDDE et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Doyle & Clecak for Petitioner.

Walter Carpeneti and John D. Costello for Respondents.

J. Joseph Sullivan for Albert F. Budde, Real Party in Interest.

GOODELL, J.—The petition herein shows that on February 17, 1950, Louisa A. Budde filed in the superior court her petition for appointment as guardian of the person and estate of Henry F. Budde, an alleged incompetent person. The hearing was set for March 2, at 2 p. m., and on the morning of that day a petition was filed therein by Albert F. Budde for the appointment of himself as such guardian. On March 10 the present petitioners, Henry F. Budde and his son Fred J.

Budde, filed therein written opposition to both petitions, and demanded a trial by jury of the issues of fact raised by such opposition. There were several continuances of the hearing but it was finally set for March 22. On the 21st the judge expressed to counsel his intention to proceed on the 22d with the hearing *without a jury*, which precipitated the filing of this proceeding to prohibit him from doing so.

The sole question presented is whether on an application for an adjudication of incompetency and the appointment of a guardian, a jury trial may be had as a matter of right, if demanded.

Probate Code, section 1461, reads in part as follows: "Any relative or friend may file a verified petition alleging that a person is insane or incompetent, *and setting forth the names and residences, so far as they are known to the petitioner, of the relatives of the alleged insane or incompetent person within the second degree residing in this State; notice of the nature of the proceedings and of the time and place of the hearing shall be mailed at least five (5) days before such hearing date to each of such relatives. Any relative or friend of the alleged insane or incompetent person may appear and oppose the petition* . . ." (Emphasis added.) That part of the section which we have emphasized was added by amendment seven years ago (Stats. 1943, p. 2005.)

Section 1461 is silent respecting a jury trial of the issue raised by the appearance and opposition.

Section 1230, Probate Code (formerly Code Civ. Proc., §§ 1716-17), reads: "All issues of fact joined in probate proceedings must be tried in conformity with the requirements of the rules of practice in civil actions. The party affirming is plaintiff, and the one denying or avoiding is defendant. When a party is entitled to a trial by jury and a jury is demanded, and the issues are not sufficiently made up by the written pleadings on file, the court, on due notice, must settle and frame the issues to be tried. If no jury is demanded, the court must try the issues joined, and sign and file its decision in writing, as provided in civil actions . . ."

Section 1230 fails to specify the instances in which a jury trial may be had in probate.

Petitioners contend that under the 1943 amendment to section 1461 an issue of fact as to the alleged incompetency is raised by a written *appearance and opposition* and that such issue is triable by jury, if demanded.

Respondents contend that a probate matter is triable by

jury only when the statute expressly so provides and they point to five sections of the Probate Code which do so provide, namely, sections 371 and 382 (will contests before and after probate) ; section 928 (contests over allowed claims) ; section 1081 (determination of heirship), and, particularly, section 1471 (proceedings for restoration to capacity).

Perhaps the strongest argument that can be made against a jury trial in an incompetency hearing arises from the fact that section 1461, on the one hand, is silent as to a jury in an incompetency *adjudication* hearing, while section 1471, on the other, requires that in a *restoration to capacity* proceeding a jury trial must be given if requested. See *In re Bundy*, 44 Cal.App. 466, 473 [186 P. 811].

Respondents point to *Estate of Dolbeer*, 153 Cal. 652, 657 [96 P. 266, 15 Ann.Cas. 207], where the court said: "Only in those probate proceedings where the statute expressly confers a right to a trial by jury does the right exist [citations]."

That statement was probably not intended to be as broad as it sounds since it might be taken to limit the right to jury trial to proceedings arising under such sections as 371, 382, 928, 1081 and 1471, which within their four corners "expressly" confer the right. A review of the authorities, however, shows that the right has been extended well beyond such specific instances. *In re Bundy, supra,* a very well considered case, clears this up in the following statement at pages 469-70 of 44 Cal.App.: "The section just quoted provides for three distinct proceedings, to wit: (a) the filing of written findings in court cases; (b) trial by jury, and (c) a motion for a new trial, and it implies a fourth, (d) the necessity for written issues in the cases to which it relates. There are three general classes of probate proceedings in this state with reference to the right of trial by jury. In the first class are those in which express provision is made for jury trials, such as the contest of a will before probate, the contest of a will after probate, and proceedings under section 1766 of the Code of Civil Procedure, for the restoration to competency of a person theretofore adjudged to be incompetent. (See secs. 1312, 1330, and 1766, Code Civ. Proc.) In the second class are all those cases wherein a jury may be demanded under sections 1716 and 1717, above quoted. These are the cases in which written issues must be framed and in which a party can move for a new trial and in which, if tried before the court, written findings of fact must be filed. An example of this class is the case of a

petition for partial distribution. (*Estate of Baird*, 173 Cal. 617, 622 [160 P. 1078].) In the third and largest class are embraced all those matters in the trial of which a party has not the right to demand a jury, such as settlement of accounts, family allowances and exemptions, admeasurement of homesteads, etc.''

The problem of the right to a jury trial has been before the courts many times in various phases of probate procedure other than incompetency proceedings, including contests over the settlement of accounts; those respecting heirship, and in those arising on partial and final distribution. It has arisen in an incidental way in disputes over the right to move for a new trial in probate contests because, as was said in *Estate of Baird*, 173 Cal. 617, 621-22 [160 P. 1078], ''The provisions relating to the right to move for a new trial and those upon the right to a trial by jury, under these sections, are similar, the two propositions are cognate and are governed by the same general principles.'' (See Prob. Code, § 1231; also *Estate of Perkins*, 21 Cal.2d 561 [134 P.2d 231], *infra*.)

In all these cases the courts have resorted to the test, *Whether a triable issue of fact was presented.*

In *Estate of Moore* (1887), 72 Cal. 335, 340 [13 P. 880], the contest was over an administrator's account. An heir filed numerous objections and demanded a jury, which the court allowed, and special issues were framed. It was held that a jury to try such issues was not a matter of right but merely advisory. In so holding, however, the court used this language which is interesting in view of the present problem: ''We think the courts would have little difficulty in confining the operation of these sections [Code Civ. Proc., §§ 1716-17] to *those cases in which the code has expressly authorized issues of fact to be framed.* Without such a provision, under the decisions, parties to a contest in the Probate Court would never be entitled to a jury trial.'' (Emphasis added.)

*Estate of Sanderson* (1887), 74 Cal. 199, 208 [15 P. 753], involved a contest of the account of an executor who claimed the right to a new trial of the contest. The court held that the parties were not entitled to move for a new trial, drawing on *Estate of Moore, supra,* as a precedent. In doing so the court said: ''*There may be a manifest propriety in requiring,* at the request of a party, *issues of fact such as* ordinarily arise in the contest of the probate of a will (*Was the testator of unsound mind? Was he subjected to undue influence?) to be tried by a jury.* But the proceeding in probate for the settle-

ment of an account is *sui generis,* bearing but a distant and incomplete analogy to the procedure for an accounting in equity.'' (Emphasis added.) Obviously the question whether a person is incompetent or not is the same type of issue as those used above as illustrations by Justice McKinstry. Thus the ''manifest propriety'' of a jury trial in such a case as this was recognized by the Supreme Court over sixty years ago, although, it must be conceded, it was only by way of a dictum.

The general question was fully discussed in *Carter* v. *Waste* (1910), 159 Cal. 23 [112 P. 727], where the judge was mandated to settle, allow and sign a statement on motion for new trial after a contest on final distribution. The court held that the right to move for a new trial existed *because an issue of fact had been raised and tried.* At pages 27-28 the court said : ''We are satisfied that it must be taken as established in this state that, under our law as it now exists, a motion for a new trial of any issue of fact actually made and determined in any proceeding in probate will lie when the law expressly authorizes issues of fact to be framed in such proceeding, and that *provisions authorizing written objections on the part of persons interested in the estate and providing for the hearing and determination of those objections do expressly authorize issues of fact to be framed.*'' And at page 29 : ''If the papers so filed had been designated 'answer' or 'objections' to the petition . . . and had in terms denied the allegations of facts showing petitioner to be an heir of deceased and the other petitioners not to be heirs, it would have to be admitted in view of what we have said, that issues of fact had been made under express authorization of law.'' (Emphasis added.)

In *Estate of Baird* (1916), 173 Cal. 617, *supra,* the question was again thoroughly reviewed. That was a petition for partial distribution which presented the question whether a claimant was entitled to inherit. The demand for a jury trial of that issue was refused. This was held to be error and led to a reversal of the order denying a partial distribution. In a comprehensive discussion the court repeatedly referred, as it did in *Carter* v. *Waste, supra,* to the question whether an issue of fact had been raised, holding (p. 621) that ''The test stated in *Estate of Sanderson* would authorize a jury in the present case.'' That test has been already discussed by us.

*Estate of Perkins* (1943), 21 Cal.2d 561 [134 P.2d 231], sums up the entire question, and brings practically up to date the long line of cases on the subject. Section 1020 of the

Probate Code, with which it deals, is as silent with respect to a jury trial as is section 1461 with which we deal. In deciding that the right existed there to move for a new trial in proceedings on final distribution the court said at pages 566-7:

"The point raised concerning the motion for a new trial requires a construction of section 1231 of the Probate Code, which reads: 'A motion for a new trial in probate proceedings can be made only in cases of contests of wills, either before or after probate, in proceedings to determine heirship and interests in estates, *and in those cases where the issues of fact, of which a new trial is sought, were of such character as to entitle the parties to have them tried by a jury,* whether or not they were so tried.' Section 1020 of the same code provides that any person interested in the estate may resist an application for distribution. In construing the predecessor sections of sections 1231 and 1020 (Code Civ. Proc., §§ 1714, 1665, 1668) this court held that *the test to be applied in determining whether the motion will lie in a particular probate proceeding is whether the law expressly authorizes an issue of fact to be framed in such a proceeding. It has been held that a party to a probate proceeding is entitled to a trial by jury when there is statutory authority for the formation of issues of fact upon the question to be determined.* (*Carter* v. *Waste,* 159 Cal. 23 [112 P. 727]; *Estate of Baird,* 173 Cal. 617 [160 P. 1078]; *O'Brien* v. *Nelson,* 164 Cal. 573 [129 P. 985]; *Estate of Sutro,* 152 Cal. 249 [92 P. 486, 1027]; and *Estate of Wickersham,* 138 Cal. 355 [70 P. 1076, 71 P. 437].) In deciding these cases, the court found the necessary statutory authority in the language of section 1668 of the Code of Civil Procedure, reading: 'At the time fixed for the hearing . . . any person interested in the estate may appear and contest the petition by filing written objections thereto.' That section has since been repealed, but the Probate Code, now in effect, makes provision for an application to distribute the estate of a decedent, which is to be heard upon notice. 'Any person interested in the estate or any coexecutor or coadministrator may resist the application.' (§ 1020, Prob. Code.) Although this language is not as definite as that which was used in section 1668 of the Code of Civil Procedure, effective resistance to an application for final distribution requires written objections, and, at least where issues of fact are formed in that way, as they were in the present case, any party may demand a jury trial and, after verdict and judgment, make a motion for a new trial." (Emphasis added.)

The requirements of section 1461 that the petition set forth the relatives' names and residences, and for the mailing to them of a five-day notice, and the provision that not only they, but any friend, "may appear and oppose the petition" clearly invite the written joinder of issue on the question whether the person alleged to be incompetent is, in fact, incompetent. We think the words "appear and oppose" in section 1461 are even stronger than those in section 1020, i.e., "any person interested in the estate may resist an application for distribution," first, because of the requirement of notice to the relatives, and, second, because *to appear* is to answer or to give "the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him." (Code Civ. Proc., § 1014.) And under our probate practice "The party affirming is plaintiff, and the one denying or avoiding is defendant." (Prob. Code, § 1230, *supra*.)

██ ██ Following the reasoning of the Perkins case— which, in turn, follows that of the earlier cases which we have cited—we are satisfied that in the instant case the filing by these petitioners of "written opposition to the said petitions for the appointment of a guardian," as they allege in their petition herein, was effective to raise and frame an issue of fact, and that such issue is triable by a jury, as petitioners have demanded. The very least that may be said for "appear and oppose" in section 1461, is that those words are the equivalent of "resist" in section 1020, and that the legislative purpose in both sections was evidently the same.

Respondents rely on *In re Bundy* (1919), 44 Cal.App. 466, *supra*. That case presented the same question as the one now before us, and it definitely held that there was no right to a jury trial in a hearing for an incompetency adjudication. It was decided, however, under section 1763, Code of Civil Procedure (predecessor of Prob. Code, § 1461), and there was nothing in section 1763 requiring notice to the relatives, or, as the Bundy opinion points out at page 471, providing "for objections or answer of any kind, whether written or oral." Indeed such provisions were not added until 1943, some 12 years after the Probate Code was adopted. The opinion in the Bundy case repeatedly recognizes the necessity for the raising of issues of fact, points out that section 1763 does not contemplate such issues, and cites the Dolbeer, Baird and Moore cases and *Carter* v. *Waste, supra*. Petitioners concede that the Bundy case was correctly decided, but they point to

the change in the legislation as distinguishing it from the instant case. There can be no doubt that it is clearly distinguishable on that score.

In the recent case of *Knight* v. *Superior Court* (Feb. 2, 1950), 95 Cal.App.2d 838 [214 P.2d 21], the court reached the same conclusion as that which we have reached.

Respondents resist the granting of the writ on the broad ground that prohibition does not lie in any event because there is a plain, speedy, and adequate remedy at law. On that phase of the case we adopt what the court said in the Knight case at p. 839 of 95 Cal.App.2d.

What has been said herein is of course limited to whatever questions of fact are raised respecting the alleged incompetency. If the jury finds incompetency, the question as to the appointment of a guardian is exclusively one for the decision of the judge.

It is ordered that a peremptory writ issue, prohibiting the trial court from proceeding with the hearing of the issue of incompetency otherwise than by jury trial.

Dooling, J., concurred.

NOURSE, P. J.—I dissent. I agree with what is said in *In re Bundy,* 44 Cal.App. 466 [186 P. 811], in which the Supreme Court denied a hearing. That is a well reasoned opinion and, with the approval of the Supreme Court, has been the settled law of procedure for the last 30 years. The Legislature has never shown any intention of changing that rule. On the other hand *Knight* v. *Superior Court,* 95 Cal.App.2d 838 [214 P.2d 21], does not consider the question at all, the court merely saying (p. 839) : "Without reviewing the authorities, this court is definitely of the opinion that the trial court was in error in this respect." The Knight case did not go to the Supreme Court so there is direct conflict of decision between the second and third districts which cannot be cleared by any opinion of this district.

I cannot believe that the Legislature contemplated a jury trial in section 1461 of the Probate Code since it provided for a trial by jury for "restoration" within five days of the commitment. (Prob. Code, § 1470.) Section 5125, Welfare and Institutions Code, is based on section 2174 of the Political Code enacted in 1903 relating to hearing by jury of those adjudged insane. This right of trial by jury for restoration completely negatives any theory that a jury trial was contemplated for

the original commitment because if such trial is authorized under the theory of the majority opinion the losing party would have the right to move for a new trial and to appeal. During all that period a new trial to a new jury could be had under section 1471 of the Probate Code. It would not be possible to determine which of the two verdicts was operative and endless confusion would follow.

I believe the better reasoning is that Probate Code, section 1460 et seq. contemplate a summary proceeding to take immediate charge of an incompetent and his estate, preserving his right to demand a quick trial by jury if he so desires.

Real Party in Interest's petition for a hearing by the Supreme Court was denied July 13, 1950. Spence, J., voted for a hearing.