[Civ. No. 7293.   Fourth Dist.   July 26, 1963.]

WILLIS J. LE JEUNE, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; E. N. LE JEUNE, Real Party in Interest.

David H. R. Pain for Petitioner.

No appearance for Respondent.

Orfield, Thompson & Bunker and R. G. Sullivan for Real Party in Interest.

COUGHLIN, J.—This is an application for a writ of prohibition to restrain the superior court from trying, without a jury, the issues raised by a petition for the appointment of a conservator and written objections thereto. The applicant herein is the subject of the conservatorship proceedings thus initiated; filed the written objections in question; denied that he is incompetent or that a conservator should be appointed for his estate; filed a timely demand for a jury trial of the issues thus raised; and posted the necessary fees therefor. His request for a jury trial was denied. The instant proceedings followed.

█ The sole issue for determination is whether the subject of a conservatorship proceeding is entitled to a trial by jury of the issues raised by the petition for the appointment of a conservator and his written objections filed in opposition thereto.

Proceedings to effect a conservatorship are governed by the provisions of the Probate Code which, direct: ". . . the superior court, if satisfied by sufficient evidence of the need therefor,'' to appoint a conservator of the person or property of an adult person, under specifically designated circumstances; authorize the filing of a petition requesting such appointment; require a hearing thereon after notice; and permit the proposed conservatee, among others, to ''appear and oppose the petition.'' (Prob. Code, §§ 1751, 1754.) The foregoing provisions, both in content and phraseology; are similar to those governing the appointment of a guardian. (Prob. Code, §§ 1460, 1461.) The two proceedings contemplate the accomplishment of substantially identical purposes, as evidenced by the provisions of section 1703 of the Probate Code that: ''A petitioner may elect to apply either for letters of conservatorship or letters of guardianship, or he may apply for such letters in the alternative'' and, ''No appointment of both a conservator and a guardian shall be made for the same person or estate.'' The issues raised by objections to a petition for the appointment of a guardian, upon demand, are subject to trial by jury. (*Budde* v. *Superior Court*, 97 Cal.App.2d 615 [218 P.2d 103].) The reasons for

698

this rule are equally applicable to the trial of similar issues in a conservatorship proceeding. Additionally, section 1755 of the Probate Code expressly provides that the issues raised by a petition to terminate a conservatorship and objections thereto shall be heard and determined by the court "without a jury"; thus, impliedly recognizes the right to a jury trial thereof, although not specifically conferred, in the absence of a provision directing the contrary; and supports the conclusion that a jury trial of the issues raised by a petition for appointment of a conservator and objections thereto likewise is a matter of right, although not specifically conferred by the statute. We conclude that the petitioner herein is entitled to a trial by jury of the issues raised by his opposition to the petition seeking the appointment of a conservator of his estate.

█ Prohibition is a proper remedy to protect the rights of petitioner in the premises. (*Tide Water Assoc. Oil Co.* v. *Superior Court,* 43 Cal.2d 815, 820-821 [279 P.2d 35]; *Ford* v. *Superior Court,* 176 Cal.App.2d 754, 759 [1 Cal.Rptr. 559]; *Budde* v. *Superior Court, supra,* 97 Cal.App.2d 615, 622; *Knight* v. *Superior Court,* 95 Cal.App.2d 838, 839 [214 P.2d 21].)

Let a peremptory writ of prohibition issue as prayed for.

Griffin, P. J., and Brown (Gerald), J., concurred.