[Civ. No. 17869. Third Dist. Jan. 15, 1979.]

ARTHUR H. HEISER as Executor, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
MATTHEW L. LEWIS, as Successor Executor, etc.,
Real Party in Interest.

**COUNSEL**

Jefferson E. Peyser, Demetrios Dimitriou and Joan S. Whitebook for Petitioners.

No appearance for Respondent.

Haskett Titchell, Richard D. Maltzman and David W. Studley for Real Party in Interest.

**OPINION**

**PARAS, J.**—Petitioners, executors of the estate of Tillie Lewis, seek a writ of prohibition after the Superior Court of San Joaquin County, sitting in probate, granted real party's request for a jury trial.

Matthew L. Lewis, real party, is the executor of the estate of Meyer Lewis, Tillie's predeceased husband. On June 27, 1977, Matthew filed a petition in Tillie's estate under Probate Code section 851.5 claiming that all of Tillie's assets were community property, one-half of which therefore belong to Meyer's estate. Hearing was promptly set for February 6, 1978. Petitioners filed a response on September 21, 1977, disputing the claim.

On January 16, 1978, Matthew filed a demand for jury trial on the issues of fact joined by the petition and response. Over the objection of petitioners, the trial court granted the demand, ruling that in proceedings under Probate Code section 851.5 there is a right to a jury trial regarding contested issues of fact. The court also ruled that the request for jury trial was timely.

## I

Prior to 1972, anyone not in "privity" with the estate of a decedent (i.e., not claiming through, but rather against, the decedent), who claimed an interest in real or personal property included in the estate had to file a civil action therefor outside of probate. In such an action, of course, the plaintiff had a right to jury trial of factual issues. (Code Civ. Proc., § 592.) In 1972, Probate Code section 851.5 was amended to abolish the privity rule and permit any such claimant to assert and pursue his claim in the probate proceeding.

However, the probate court jurisdiction was not made exclusive; the claimant need not pursue his claim in the probate court. He may also file an ordinary civil action; and if he does so, section 851.5 provides that the probate court petition shall be abated until the conclusion of the civil action. (*Richer* v. *Superior Court* (1976) 63 Cal.App.3d 748, 757 [134 Cal.Rptr. 52].) The major advantage of probate jurisdiction, however, in addition to precedence on the trial calendar, is that a resulting judgment is conclusive against "the whole world" and not just the parties to the litigation. (See generally, *Probate Court Jurisdiction: The Demise of the Privity Rule in Title Disputes* (1974) 5 Pacific L.J. 165.)

The question before us is whether, if a claimant elects to pursue his claim in probate rather than in a separate civil action, he thereby surrenders his right to jury trial as to disputed factual issues.

■ It is well established that there is no right to jury trial in probate proceedings unless provided for by statute. (*Estate of Beach* (1975) 15 Cal.3d 623, 642 [125 Cal.Rptr. 570, 542 P.2d 994]; *Estate of Van Deusen* (1947) 30 Cal.2d 285, 291 [182 P.2d 565]; 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 79, p. 2913.) Section 851.5 does not provide for jury trial. However, Probate Code section 1230 states: "All *issues of fact joined* in probate proceedings must be tried in conformity with the requirements of the rules of practice in civil actions . . . ." (Italics added.) Section 1230 has been held to provide for the right of jury trial in " '. . . those cases in which the code has expressly authorized issues of fact to be framed.' " (*Budde* v. *Superior Court* (1950) 97 Cal.App.2d 615, 618 [218 P.2d 103]. See also *Le Jeune* v. *Superior Court* (1963) 218 Cal.App.2d 696 [32 Cal.Rptr. 390]; *Estate of Perkins* (1943) 21 Cal.2d 561, 567 [134 P.2d 231]; *Estate of Van Deusen, supra*; Witkin, Cal. Procedure, *supra*.)

However, the recent decision in *Estate of Beach, supra*, makes it clear that in addition to a statutory provision for the joining or framing of factual issues, such issues must be appropriate for jury determination. Thus the *Beach* court held there was no right to jury trial in an action under Probate Code section 928 claiming mismanagement of estate assets. "Contestants point out that the early *Moore* decision was based in part upon the impracticability of requiring 'a jury to wade through, comprehend, and disentangle a long account, or to express an intelligent judgment upon each item' (72 Cal. at p. 338) and argue that the issues in the instant case of whether the executor was negligent in retaining the Reserve stock and if so the amount of resultant damages to the estate were relatively clearcut and as fully appropriate for jury consideration as the fact issues in regular civil actions for negligence or professional malpractice. However, there is another characteristic of claims for mismanagement of a probate estate which makes jury resolution inappropriate. Such claims, unlike ordinary claims for negligence or malpractice, are necessarily based on conduct that is subject to the independent control and supervision of the very court before which the claim must be asserted. As we said in *Estate of Sanderson, supra*, 74 Cal. 199, 208: 'There may be a manifest propriety in requiring, at the request of a party, issues of fact such as ordinarily arise in the contest of the probate of a will (Was the testator of unsound mind? Was he subjected to undue influence?) to be tried by a jury. But the proceeding in probate for the settlement of an account is *sui generis*, bearing but a distant and incomplete analogy to the procedure for an accounting in equity. The executor or administrator derives his power to act as such from the will, or order of the court; but in his conduct of the affairs of the estate, he is subjected largely to the

discretion and control of the court. The court is bound to protect the estate, and, as far as may be, the rights of all concerned. Publication is had, that all interested may have an opportunity, by written exceptions, to call the attention of the court to alleged errors or defects; but, in the absence of exceptions, the court may and should inquire into any matter which may seem to the court objectionable, and pass judgment thereon; and in the presence of specific objections, the court is not limited to the specific objections.' (See also *Estate of Randall* (1922) 188 Cal. 329, 335 [205 P. 118].) In short, to subject the court's determination of the propriety of an executor's acts in the course of administering the estate to contradiction by a jury verdict would tend to dilute and undermine the court's ongoing responsibility for detecting and correcting executorial mismanagement." (*Estate of Beach, supra,* 15 Cal.3d at p. 643.)

■ We learn from *Beach* therefore that despite Probate Code section 1230, jury trials are not available in probate proceedings when such would risk undermining the probate court's supervisorial responsibilities or when the issue resembles an accounting wherein it is impractical for a jury to wade through a mass of figures. Jury trials are appropriate however when the issues involve such things as standard of conduct, mental capacity (see *Budde* and *Le Jeune, supra*), or credibility of witnesses.

This sort of issue-analysis is in accord with a statement in the recent case of *Richer* v. *Superior Court, supra,* 63 Cal.App.3d at pages 758-759, refusing to decide whether the petitioner had a right to a jury trial under section 851 until after the issues were joined: "Cook cites a denial of a jury on the hearing of the 851.5 petition as a right of which she will be deprived under section 851.5, Probate Code, if the petition is not abated. Inasmuch as she has not as yet filed a response to the petition raising issues to be heard thereon or conducted any discovery in connection therewith, and the issues have not been joined in WEC 42114, we deem it premature to determine whether Cook is entitled to a jury on any issue arising out of either the 851.5 petition or WEC 42114, a determination which will have to be made in the particular cause."

■ Applying this notion here, we observe that although Matthew has included abundant factual allegations in his response to the writ petition in this court, his original petition in the probate court contains no factual allegations. It is limited to a one-sentence assertion, on information and belief, ". . . that all of the assets in the Estate of Tillie Lewis were the community property of said decedent and Meyer Lewis." Since that

petition was filed before discovery, such a conclusory pleading was perhaps unavoidable. But since as we have determined the right to jury trial depends upon the nature of the issues to be tried, there was no way for the probate court to make that determination from such a petition and the necessarily conclusory response thereto. With almost nothing more to go on, the court viewed the action ". . . as one for recovery of property wrongfully held by the executors . . . ."

We deem it the better practice for a claimant formally to advise the court in writing of the exact nature of the disputed issues at the time he requests a jury trial, or as soon thereafter as practicable, in order to permit the court after any opposition intelligently to determine the propriety of the request. As presented to the trial court, this proceeding appears to have similarities to accounting actions, not appropriate for jury trial, and to dissolution proceedings for which juries are not traditionally permitted. This suggests that trial by jury should not be had. Nonetheless, the decision should be made by the trial court after a proper presentation to it.

## II

Petitioners contend that even if there was a right to jury trial, it was waived by Matthew's failure to make a timely request for it. Code of Civil Procedure section 631 provides that "Trial by jury may be waived . . . 4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation. . . ."

This provision was designed for the typical civil case in which no hearing date is requested until all the parties have appeared or their time to appear has expired. In a case such as this, however, a hearing date is set at the time the claim is filed and before it is known whether it will be disputed by the estate. As is apparent from our discussion above, it would be inappropriate to require that a jury demand be made when the hearing is set, before the issues are framed. And even after they are framed, the case is not placed on the "trial calendar so as to make the provisions of Code of Civil Procedure section 631 operative. Probate Code section 851.5 should be amended to provide for filing (by either party) of a request for trial setting after the issues are joined. ▪ Absent such a provision, we hold that a request for jury trial is timely if made within a reasonable time preceding the hearing date set in the

petition. Matthew filed his demand 20 days prior to the hearing date of February 6, 1978; under the circumstances, particularly with no existing precedent by which to be guided, we find that his demand was timely.

Let a writ issue directing the trial court to vacate its order granting a jury trial, without prejudice however to the entry of a new order granting (or denying) a jury trial after further delineation of the issues by the parties and proper presentation to the trial court.

Puglia, P. J., and Karlton, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.