2001–NMCA–030

23 P.3d 933

**In the Matter of the ESTATE OF Roma Lind LYTTON, Deceased,**

**Ruth Morlock, Contestant–Appellant,**

v.

**Jose Lozoya and Carolina Lozoya, Proponents–Appellees.**

No. 20,925.

Court of Appeals of New Mexico.

April 16, 2001.

Manuel J. Lopez, Anthony F. Avallone, Las Cruces, NM, for Appellant.

Shane A. English, Keithly & English, P.C. Anthony, NM, for Appellees.

*OPINION*

PICKARD, Judge.

{1} This case calls upon us to decide when a demand for a jury trial is required to be filed in a probate proceeding. There is noth-

ing in the Probate Code expressly directed to the issue; Rule 1–038(A) NMRA 2001 states that a jury demand shall be filed not later than ten days after service of the last pleading directed to the issue; the Probate Code does not state any time limit for filing a pleading stating objections to a will. Under these circumstances, we hold that the jury demand may be filed not later than ten days after service of the objections, provided that such date is a reasonable amount of time prior to the date set for hearing and the district court does not find that the jury demand was filed solely for purposes of delay or other improper purpose. Since the jury demand was filed in a timely fashion under the rule we announce today, we reverse the district court's decision and remand with instructions to try the issues to a jury. In light of our disposition, we do not address any other issues raised on appeal.

## FACTS AND PROCEEDINGS

{2} The decedent died in 1998, leaving two wills—a 1991 will and a 1997 will that revoked the 1991 will. Morlock benefitted from the 1991 will; the Lozoyas benefitted from the 1997 will. All subsequent dates of proceedings are in 1999.

{3} On February 23, Morlock petitioned the district court for informal probate of the 1991 will. On March 17, the Lozoyas objected to the probate of that will on grounds of a subsequent will and petitioned for formal probate of the 1997 will. The Lozoyas requested a one-hour setting on their objection and petition, and the matter was set for May 24. In April, Morlock noticed several depositions for early May, and in early May, Morlock asked for a continuance of the May 24 hearing. The continuance was granted, and Morlock requested a two-hour setting on the "estate/objection to will." (Emphasis deleted.) The matter was set for July 1.

{4} On June 4, Morlock filed her written objections to the 1997 will on grounds of undue influence and duress and contemporaneously filed a jury demand. On June 14, the Lozoyas moved for a continuance and to strike the jury demand as untimely. The continuance was granted. The motion to strike the jury demand was set for July 12. On June 28, trial was set for two hours on August 12. The jury demand was struck on July 20, and the matter proceeded to hearing in August, with the court finding no undue influence or duress and ordering the 1997 will probated.

## DISCUSSION

{5} NMSA 1978, § 45–1–306 (1975) provides that, "[i]f demanded, in the manner provided by the Rules of Civil Procedure, a party is entitled to a trial by jury in a formal testacy proceeding. . . ." Rule 1–038(A) states that, "any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing after the commencement of the action and not later than ten (10) days after service of the last pleading directed to such issue."

{6} In ordinary civil cases, allowable pleadings are complaints; answers; counterclaims, crossclaims, and third-party complaints and answers thereto; and replies if permitted by the court under certain circumstances. Rule 1–007(A) NMRA 2001. In general, responsive pleadings are required within thirty days after the initial pleading, Rule 1–012(A) NMRA 2001, and therefore the jury demand is required to be served at an early stage in the case. In this case, the Lozoyas contend that the trial court correctly struck Morlock's jury demand because it was not filed within ten days of the thirty days after the Lozoyas filed their objections to the 1991 will and their own petition for formal probate of the 1997 will. Morlock, on the other hand, contends that the Probate Code does not contemplate pleadings in the sense of complaints, answers, and the like, and instead contemplates petitions, notices of hearings, and objections in multiple proceedings, each started with a petition.

{7} As we recognized in *In re Estate of Newalla*, 114 N.M. 290, 293–94, 837 P.2d 1373, 1376–77 (Ct.App.1992), the Probate Code itself states that each proceeding before the district court is independent of any other proceeding involving the same estate and each proceeding is generally begun with a petition. NMSA 1978, § 45–3–107 (1975). Nonetheless, we also recognized that pleadings relating to the same subject matter,

even if denominated petitions, would not necessarily commence an independent proceeding. *Newalla,* 114 N.M. at 294, 837 P.2d at 1377. The example we used was a "petition" to compel discovery in a dispute over whether a will should be admitted to probate; such a petition would not constitute an independent proceeding. *Id.*

{8} In this case, we have a petition to probate the 1991 will and a separate petition, although filed in the same case, to probate the 1997 will. Although they relate to the same estate, once objections were entered to the 1991 will, they each commenced formal testacy proceedings. *See Vieira v. Estate of Cantu,* 1997–NMCA–042, ¶ 9, 123 N.M. 342, 940 P.2d 190.

{9} After formal testacy proceedings are commenced, the procedure used is for the district court to set a hearing and for the petitioner to give notice of the hearing. NMSA 1978, § 45–3–403 (1975). Notice is given in the manner prescribed by NMSA 1978, § 45–1–401 (1975), which in turn provides notice is to be given and, if given by mail, it must be mailed at least fourteen days prior to the hearing. NMSA 1978, § 45–3–404 (1975) permits any person opposing the probate of a will to "state in his pleadings his objections to probate of the will." It seems apparent that, if the hearing can be as early as fourteen days after the notice is mailed, there is not the thirty-day period of time contemplated by the Rules of Civil Procedure for filing an answer. Thus, as provided in NMSA 1978, § 45–1–304 (1978), the Rules of Civil Procedure seem inconsistent with provisions of the Probate Code and for that reason would not govern the time for filing objections. We must therefore look elsewhere for a time limit, if any, on filing objections under Section 45–3–404. We have found no express time limit, and except for the thirty-day period found in the Rules of Civil Procedure, which we have just concluded cannot apply, neither party points us to any.

{10} In these circumstances, we follow the lead of a California court in an analogous situation. At issue in *Heiser v. Superior Court,* 88 Cal.App.3d 276, 151 Cal.Rptr. 745, 749 (Ct.App.1979), was whether a certain request for a jury trial in a probate matter was timely, as long as the court determined that the matter was triable to a jury. The applicable Code of Civil Procedure section provided that jury trial would be waived unless requested at the time the case was set on the calendar or within five days of notice thereof. *Id.* However, the Code was designed for ordinary civil cases in which hearings were not set until all parties appeared, whereas in probate matters, cases would be set before all parties had appeared, as had happened in the *Heiser* case. *Id.* The court indicated that the Probate Code should be amended to provide for filing a request for jury trial after the issues are joined, and "[a]bsent such a provision, we hold that a request for jury trial is timely if made within a reasonable time preceding the hearing date set in the petition." *Id.* Because the party desiring the jury trial had filed his request twenty days prior to the hearing, the court said, "under the circumstances, particularly with no existing precedent by which to be guided, we find that the demand was timely." *Id.*

{11} In New Mexico, of course, jury demands are not normally made within certain times after hearing settings or prior to hearings. Nonetheless, the *Heiser* case is instructive. New Mexico's requirement states that juries shall be demanded not later than ten days after service of the last pleading directed to the issue. Rule 1–038(A). In our view, as long as the objection to the probate of a will under Section 45–3–404 is filed in good faith and at a reasonable time, and is not found by the trial court to be interposed for delay or other improper purpose, a jury demand filed contemporaneously with it should be deemed timely.

{12} Our holding is supported by both the policy favoring jury trials where permitted or required either by constitution or legislation and the practical realities of probate practice. The importance of the jury's role in our legal system is of constitutional dimension. *See* U.S. Const. Amends. VI and VII; N.M. Const. art II, §§ 12, 14; *cf. State v. Sheetz,* 113 N.M. 324, 327, 825 P.2d 614, 617 (Ct.App. 1991) (commenting on importance of jury's role in the criminal justice system). In *Hamilton v. Walker,* 65 N.M. 470, 473, 340

P.2d 407, 409 (1959), our Supreme Court agreed with arguments concerning the "sacred nature of the right to jury trial," as long as the right was supported by the constitution or legislation otherwise granting the right. In this case, the Legislature has granted the right in Section 45–1–306. *See also Evans Fin. Corp. v. Strasser*, 99 N.M. 788, 790, 664 P.2d 986, 988 (1983) (commenting on firm place of jury in our history and jurisprudence).

{13} The practical realities of probate practice support granting a jury trial under the facts and circumstances of this case. Morlock was the proponent of an earlier will; the Lozoyas the proponents of a later will. This is not an ordinary civil case in which the plaintiff has one view of the facts of the case or of the transaction at issue and the defendant has another view, both of which can be presented in pleadings early in the case. For Morlock to challenge the later will in good faith, she needed to do at least minimal discovery into the circumstances surrounding the making of the will of which she apparently had no knowledge until it was offered for probate. It being offered for probate on March 17 and Morlock having conducted discovery in April and May and obtained a continuance of any hearings in the case until July, it does not seem untoward for Morlock to have filed her objections in a pleading on June 4.

{14} We recognize and are sensitive to the Lozoyas' argument about the difficulties of scheduling a jury trial, as opposed to a bench trial, and the Probate Code's express purpose being to simplify and expedite the settlement of decedents' estates. *See* NMSA 1978, § 45–1–102 (1975). Nonetheless, the Probate Code also provides for jury trials in certain cases, and our courts must honor the legislative intent to allow them in those cases notwithstanding that they are more difficult for busy trial judges to manage than bench trials.

{15} We are also sensitive to the potential for abuse in the rule we adopt today. But we have faith in litigants' abilities to notify trial courts of instances in which opposing litigants are using the absence of a time certain for answer to a petition for formal probate to ill advantage, and we also have faith in trial courts' abilities to recognize such cases and strike jury demands in appropriate circumstances. There is nothing, however, in the facts of this case to suggest that Morlock waited to file her objections and jury demand in order to delay the case or for other bad purpose. The trial court's finding regarding the prejudice the Lozoyas would suffer by the delay required to vacate the August bench trial and schedule the matter for jury trial appears to state the reasons why the trial court did not exercise discretion to grant a jury trial under Rule 1–039(A) NMRA 2001. In any event, a finding that a party would suffer prejudice from a delay is not tantamount to the finding required by our holding, i.e., that the other party was motivated by an intent to cause such prejudice or by another bad motive.

**CONCLUSION**

{16} We reverse the district court's decision probating the 1997 will and remand with instructions to set the matter for a trial by jury.

{17} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID, Judge, CELIA FOY CASTILLO, Judge.